# Case No. 1,041.

## BARRELL v. SIMONTON.

[2 Cranch, C. C. 657.][1]

Circuit Court, District of Columbia. May Term, 1826.

MALICIOUS PROSECUTION — PLEADINGS—TERMINATION OF PROCEEDINGS—DEMURRER.

In an action for maliciously arresting and holding the plaintiff to bail without probable cause, the affidavit to hold to bail must aver that the suit in which the plaintiff was so mali-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ciously holden to bail was determined; and a declaration for such malicious arrest and holding to bail must contain such an averment, or it will be bad on general demurrer.

At law. Action on the case for maliciously causing the plaintiff to be arrested, imprisoned, and held to bail in Baltimore, without probable cause. Neither the declaration nor the affidavit to hold to bail contained any averment that the suit in Baltimore, upon which the arrest was made, was determined.

Mr. R. S. Coxe, for the defendant, moved for leave to enter his appearance without special bail, and contended that this was a local action, and would lie only in Maryland; and that the affidavit was insufficient in not averring that the action in Baltimore was determined, for until that suit was at an end no action would lie for the malicious arrest. That fact constitutes a necessary part of the plaintiff's title to recover. Morgan v. Hughes, 2 Term R. 232; Fisher v. Bristow, 1 Doug. 215; 1 Sell. Pr. 57; Sinclair v. Eldred, 4 Taunt. 7; Woodford v. Ashley, 11 East, 508; 8 Went. 319; Selw. N. P. 935: Farmer v. Darling, 4 Burrows, 1971; Rodriguez v. Tadmire, 2 Esp. 719; Kirk v. French, 1 Esp. 80; 1 Sell. Pr. 107, a, 2; 2 Chit. Pl. p. 225, note d, pp. 291, 299; Morgan's V. M. 404; Stennel v. Hogg, 1 Saund. 227; Selw. N. P. 936, 942; 2 Phil. Ev. c. 9, pp. 110, 116; Imlay v. Ellefsen, 2 East, 453; Archb. Civ. Pl. 52; Reynolds v. Kennedy, 1 Wils. 232.

Mr. Lear and Mr. Barrell, contra. It is only necessary to show a prima facie cause of action. There is a difference between an action for malicious prosecution, and for a malicious arrest. "Prosecution" means criminal prosecution. The courts have been more strict in the former than in the latter, because the former tends to prevent the punishment of crimes. In actions of conspiracy the declaration followed the writ, which contained the words, "legitimo modo acquietatus," and actions upon the case, in nature of conspiracy, followed, without reason, the same form. Malice, and the want of probable cause, are the gist of the action for malicious arrest. The determination of the prior action in favor of the present plaintiff, would be only a circumstance tending to prove the want of probable cause. The want of the averment of the determination of the former suit is aided by a verdict; and it is doubted whether it would be fatal on demurrer. Skinner v. Gunton, 1 Saund. 228, note; Smith v. Cattle, 2 Wils. 376. At this stage of the cause, the question, whether the former suit was determined, ought not to be raised. It is not necessary to aver it in the declaration. If the writ, upon which the arrest was made, was not issued by the proper clerk, or not returnable to the proper court, the plaintiff never could show that the suit was determined; and if the averment is necessary the declaration may be amended; and if the

former suit should be determined in favor of the present plaintiff, before the pleadings in this cause are made up, it would be sufficient.

Mr. Coxe, in reply, admitted that these actions, for malicious arrest and for malicious prosecution, grew out of the old action of conspiracy; but no distinction is taken between actions for malicious prosecution and for malicious arrest. In either the declaration must show that the former suit has been determined in favor of the plaintiff. It is true, that after verdict the fact shall be taken to have been proved at the trial, because the plaintiff could not recover without that proof; but the same authorities show that the want of the averment is fatal upon the demurrer. The affidavit to hold to bail must show all the facts necessary to entitle the plaintiff to recover.

THE COURT took time, and upon full consideration of the following authorities, was of opinion, (THRUSTON, Circuit Judge, doubting,) that the affidavit to hold to bail was insufficient, because it did not state that the suit in Baltimore had terminated in favor of the present plaintiff. Waterer v. Freeman, Hob. (17 Jac.) 267; Skinner v. Gunton, 1 Saund. 228; Stennel v. Hogg, Id. 226, note 1, by Serg. Williams; Martin v. Lincoln, Esp. N. P. 527; Farrel v. Nunn, Bull. N. P. 13; Parker v. Langly, 10 Mod. 145, 209; Brownl. Rediv. 61; Reg. Brev. 134, a; Shotbolt's Case, Godb. 76; Fisher v. Bristow, 1 Doug. 215; Morgan v. Hughes, 2 Term R. 225; Lewis v. Farrel, 1 Strange, 114; Lil. Ent. 15, 23, 35; Sutton v. Johnstone, 1 Term R. 497, 498.

The defendant was permitted to appear without special bail. At a subsequent term, he filed a general demurrer to the declaration; and at May term, 1827, the suit was struck off by order of the plaintiff.